UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM MCKENZIE,<br><br>            Plaintiff,<br><br>    v.<br><br>AT&T SERVICES, INC. and PACIFIC BELL TELEPHONE COMPANY,<br><br>            Defendants. | No.  15-cv-02325-TLN-CKD<br><br><br><br>**ORDER** |

This is a lawsuit petitioning the Court to vacate or modify an arbitration award. The matter is before the Court on a motion filed by Defendant Pacific Bell Telephone Company ("Pacific Bell") and Defendant AT&T Services, Inc. ("AT&T") (collectively "Defendants") to dismiss the case for lack of subject matter jurisdiction. (ECF No. 19.) Plaintiff Kim McKenzie ("Plaintiff") opposes the motion. (ECF No. 24.) For the reasons set forth below, Defendants' motion is GRANTED. In addition, Plaintiff's Motion to Consolidate Cases (ECF No. 18) is DENIED as moot.

I.    **BACKGROUND**

Although the history of the parties' dispute is convoluted and contentious, the relevant facts are not complicated. Plaintiff filed a petition with the Court seeking to vacate or modify an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 10, 11. (ECF No.

1

1.) Several months later, she filed an amended petition superseding her original petition. (ECF No. 15.) Defendants now move to dismiss the amended petition for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 19.)

**II.    DISCUSSION**

The federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and by statute. *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Defendants assert that no statute provides the Court with jurisdiction here. (ECF No. 19-1 at 8:14–10:6.) Defendants are correct.

Plaintiff invokes both diversity and federal-question jurisdiction. Diversity jurisdiction is conferred by 28 U.S.C § 1332(a) and exists when there is complete diversity between all plaintiffs and all defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). Federal-question jurisdiction is conferred by 28 U.S.C. § 1331 and exists over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff invokes diversity jurisdiction in a roundabout fashion: on the civil cover sheet filed with her original petition. (ECF No. 2.) This is puzzling for two reasons. First, Plaintiff asserts diversity jurisdiction *only* on the civil cover sheet—she does not discuss it in either of her petitions or in her opposition to Defendants' motion to dismiss. (*See* ECF Nos. 1, 15, 24.) Second, Plaintiff herself recognizes that the parties are not completely diverse. On the civil cover sheet, Plaintiff indicated that she was a "Citizen of This State" and that at least one defendant (whom she does not identify) is "Incorporated or [has its] Principal Place of Business In This State." (ECF No. 2 at 1.) Diversity jurisdiction does not exist where the parties are not completely diverse. *Owen Equip.*, 437 U.S. at 373.

Plaintiff invokes federal-question jurisdiction somewhat more thoroughly, but no more successfully. In both her original and amended petitions, Plaintiff asserts federal-question jurisdiction pursuant to the FAA. (ECF No. 1 at 6:19–7:6 (citing 9 U.S.C. §§ 10–12); ECF No.

1  15 at 5:3–20 (same).)  That contention runs contrary to decades of Supreme Court precedent.  The
2  FAA "creates a body of federal substantive law establishing and regulating the duty to honor an
3  agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under
4  28 U.S.C. § 1331 . . . or otherwise."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460
5  U.S. 1, 25 n.32 (1983); *see also Southland Corp v. Keating*, 465 U.S. 1, 15 n.9 (1984).
6  　　　　In her opposition, Plaintiff also refers obliquely to the Labor Management Relations Act
7  ("LMRA"), 29 U.S.C. §§ 141 *et seq.*, as a possible source of federal-question jurisdiction.  (*See*
8  ECF No. 24 at 7:7–10:28.)  Specifically, Plaintiff cites authorities in which claims arising under
9  § 301 of the LMRA, 29 U.S.C. § 185, supported federal-question jurisdiction in FAA cases.  (*See,*
10  *e.g.*, ECF No. 24 at 7:12–13 (citing *Gulf Coast Indus. Workers Union v. Exxon Co., USA*, 70 F.3d
11  847, 850 (5th Cir. 1995).)  But Plaintiff runs afoul of the well-pleaded complaint rule.  "The
12  presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint
13  rule,' which provides that federal jurisdiction exists only when a federal question is presented *on*
14  *the face of the plaintiff's properly pleaded complaint*."  *Balcorta v. Twentieth Century-Fox Film*
15  *Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000) (emphasis added).  Plaintiff does not allege in either
16  petition that the LMRA applies here.  (*See* ECF No. 1; ECF No. 15.)  Nor does Plaintiff allege
17  any facts suggesting that she has a claim under § 301 of the LMRA.  Section 301 of the LMRA
18  "creates a federal cause of action for breach of collective bargaining agreements."  *Miller v.*
19  *AT&T Network Sys*, 850 F.2d 543, 545 (9th Cir. 1988).  Plaintiff does not assert that this case
20  involves a collective bargaining agreement to which she was a party, much less a breach of one.
21  (*See* ECF No. 1; ECF No. 15.)  In short, the LMRA is inapposite.
22  　　　　Finally, Plaintiff offers scattershot citations to two other authorities that are not relevant
23  here.  First, Plaintiff cites *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193
24  (2000), a Supreme Court case about the interplay between the FAA's venue provision and Title
25  28's general venue provision.  (ECF No. 1 at 7:2–5; ECF No. 15 at 5:7–10.)  But Plaintiff
26  conflates venue and jurisdiction, so her reliance on *Cortez Byrd* is misplaced.  Venue and
27  jurisdiction are distinct concepts.  *See Libby, McNeill, and Libby v. City Nat. Bank*, 592 F.2d 504,
28  510 (9th Cir. 1978) ("Venue is not jurisdictional.").  Second, Plaintiff cites 28 U.S.C. § 1367,

which confers supplemental jurisdiction over certain state law claims. (ECF No. 24 at 2:2.) She again misses the mark. Supplemental jurisdiction can exist only if the Court already has original jurisdiction. 28 U.S.C. § 1367(a). Here, the Court does not have original jurisdiction for the reasons discussed *supra*, so the Court cannot exercise supplemental jurisdiction.

### III.  CONCLUSION

The Court lacks subject-matter jurisdiction. Consequently, Defendants' Motion to Dismiss (ECF No. 19) is hereby GRANTED. Plaintiff's Motion to Consolidate Cases (ECF No. 18) is hereby DENIED as moot.

IT IS SO ORDERED.

Dated: February 17, 2017

Troy L. Nunley
United States District Judge